RECEIPT # _56337_
AMOUNT $ _'50_
SUMMONS ISSUED_____
LOCAL RULE 4.1_____
WAIVER FORM_____
MCF ISSUED_____
BY DPTY. CLK_____
DATE_6-4-04_

**UNITED STATES DISTRICT COURT FOR THE EASTERN DISTRICT**
**OF MASSACHUSETTS**

_FILED_
_IN CLERKS OFFICE_

2004 JUN -4  A 10: 30

_U.S. DISTRICT COURT_
_DISTRICT OF MASS._

BOSTON ARCHDIOCESAN
TEACHERS ASSOCIATION

v.

Docket No. 

# 04 - 1 1 1 9 7 MLW

ARCHDIOCESAN CENTRAL HIGH SCHOOLS, INC.,
ARCHBISHOP SEAN P. O'MALLEY AS A CORPORATION SOLE, THE ROMAN
CATHOLIC ARCHDIOCESE OF BOSTON, NORTH CAMBRIDGE CATHOLIC
HIGH SCHOOL, INC., CATHEDRAL HIGH SCHOOL, INC., MATIGNON HIGH
SCHOOL, INC., POPE JOHN XXIII HIGH SCHOOL, INC., BISHOP FENWICK
HIGH SCHOOL, INC., CARDINAL SPELLMAN HIGH SCHOOL, INC., MARIAN
HIGH SCHOOL, INC., AND ARCHBISHOP WILLIAMS HIGH SCHOOL, INC.

<u>COMPLAINT</u>          **MAGISTRATE JUDGE** _Alexander_

## A. Introduction

The Boston Archdiocesan Teachers Association (BATA) has been the

exclusively recognized bargaining representative for all lay professional teachers and

counselors at the eight high schools in the Archdiocesan Central High Schools, Inc.,

(ACHS) for 38 years. ACHS, Inc., maintains it is getting out of the business of

secondary education and that the eight high schools formerly under its control will be

independent. Contrary to that assertion, among other things, the property, the product,

the staff, the curricula, the addresses, and the final decision making authority for all

these eight high schools will still reside with the Archdiocese of Boston and its agents,

as the facts in this complaint make clear. The only difference will be that the teachers

will no longer, contrary to Catholic teaching and doctrine, have the right to collectively

bargain.

The Archdiocese is in the singular position of speaking and acting on behalf

of the Roman Catholic Church in Boston, and it has wholly failed to comport itself in

such a way as to ensure the dignity of its workers, to recognize the commitment and decades of service of these teachers, and support its own teachings and doctrines concerning the sanctity of labor with respect to its own. Further, ACHS, Inc., has engaged in numerous violations of federal labor laws and state law.

B. Factual Allegations

1.        This is an action brought under federal law, §301 of the Labor Management Relations Act of 1947 (hereinafter "LMRA"), 29 U.S.C. §185, and Massachusetts state law.

2.        Jurisdiction is conferred by 29 U.S.C. 185(a), (b), and (c), which is not dependent on an amount in controversy or diversity of citizenship.

3.        Venue lies in this district pursuant to 29 U.S.C. §185(c).

4.        Boston Archdiocesan Teachers Association ("BATA") is an unincorporated labor organization, which exists for the purpose of dealing with employers concerning wages, hours, and terms and conditions of employment. BATA represents employees in an industry affecting commerce, and as such meets the definition of a labor organization in the LMRA.

5.        As a labor organization BATA is subject to the reporting and disclosure provisions of federal law and files annual reports with the United States' Department of Labor.

6.        Pursuant to the LMRA, BATA has been audited by the Department of Labor.

7.        BATA has a place of business in Boston, Massachusetts.

8.      Archdiocesan Central High Schools, Inc., ("ACHS") is a corporation incorporated and existing under the laws of Massachusetts and has a place of business in Boston, Massachusetts.  Archbishop Sean O'Malley is the President of the Board of Trustees of ACHS.  ACHS currently operates eight central high schools: North Cambridge Catholic High School, Cathedral High School, Matignon High School, Pope John XXIII High School, Bishop Fenwick High School, Cardinal Spellman High School, Marian High School, and Archbishop Williams High School.

9.      Archbishop Sean P. O'Malley as a corporation sole, is a corporation incorporated and existing under the laws of Massachusetts and has a place of business in Boston, Massachusetts at 2121 Commonwealth Avenue.

10.     The Roman Catholic Archdiocese of Boston is a not-for-profit, tax exempt, institution existing under the laws of Massachusetts and has a place of business in Boston, Massachusetts at 2121 Commonwealth Avenue.

11.     BATA has been the exclusively recognized bargaining representative of all lay teachers and counselors at the eight central high schools for at least the past 38 years.  BATA and ACHS have had continuous collective bargaining agreements throughout that period.

12.     North Cambridge Catholic High School, Inc., is a corporation incorporated and existing under the laws of Massachusetts and has a place of business in Cambridge, Massachusetts.

13.     Cathedral High School, Inc., is a corporation incorporated and existing under the laws of Massachusetts and has a place of business in Boston, Massachusetts.

14.     Matignon High School, Inc., is a corporation incorporated and existing under the laws of Massachusetts and has a place of business in Cambridge, Massachusetts.

15.     Pope John XXIII High School, Inc., is a corporation incorporated and existing under the laws of Massachusetts and has a place of business in Everett, Massachusetts.

16.     Bishop Fenwick High School, Inc., is a corporation incorporated and existing under the laws of Massachusetts and has a place of business in Peabody, Massachusetts.

17.     Cardinal Spellman High School, Inc., is a corporation incorporated and existing under the laws of Massachusetts and has a place of business in Brockton, Massachusetts.

18.     Marian High School, Inc., is a corporation incorporated and existing under the laws of Massachusetts and has a place of business in Framingham, Massachusetts.

19.     Archbishop Williams High School, Inc., is a corporation incorporated and existing under the laws of Massachusetts and has a place of business in Braintree, Massachusetts.

20.     Archdiocesan Central High Schools, Inc., is an employer engaged in an industry affecting commerce as defined in the LMRA, 29 U.S.C. §152.

21.    Archbishop Sean P. O'Malley as a corporation sole, is an employer engaged in an industry affecting commerce as defined in the LMRA, 29 U.S.C. §152.

22.    The Roman Catholic Archdiocese of Boston is an employer engaged in an industry affecting commerce as defined in the LMRA, 29 U.S.C. §152.

23.    North Cambridge Catholic High School, Inc., is an employer engaged in an industry affecting commerce as defined in the LMRA, 29 U.S.C. §152.

24.    Cathedral High School, Inc., is an employer engaged in an industry affecting commerce as defined in the LMRA, 29 U.S.C. §152.

25.    Matignon High School, Inc., is an employer engaged in an industry affecting commerce as defined in the LMRA, 29 U.S.C. §152.

26.    Pope John XXIII High School, Inc., is an employer engaged in an industry affecting commerce as defined in the LMRA, 29 U.S.C. §152.

27.    Bishop Fenwick High School, Inc., is an employer engaged in an industry affecting commerce as defined in the LMRA, 29 U.S.C. §152.

28.    Cardinal Spellman High School, Inc., is an employer engaged in an industry affecting commerce as defined in the LMRA, 29 U.S.C. §152.

29.    Marian High School, Inc., is an employer engaged in an industry affecting commerce as defined in the LMRA, 29 U.S.C. §152.

30.    Archbishop Williams High School, Inc., is an employer engaged in an industry affecting commerce as defined in the LMRA, 29 U.S.C. §152.

31.    The Boston Archdiocesan Teachers Association and Archdiocesan Central High Schools, Inc., are parties to a collective bargaining agreement

("CBA"), which, by it terms, runs from September 1, 2002 through August 31, 2004.

32.        All regularly appointed lay professional teaching and counseling employees at North Cambridge Catholic High School, Cathedral High School, Matignon High School, Pope John XXIII High School, Bishop Fenwick High School, Cardinal Spellman High School, Marian High School, and Archbishop Williams High School are covered by the CBA.

33.        The collective bargaining agreement between the parties contains a recognition clause.

34.        The Recognition clause reads: "The Archdiocesan Central High Schools of the Central High School, Inc., or its Successor Body recognizes the Association for purposes of collective bargaining as the exclusive representative of a unit consisting of all regularly appointed lay professional teaching and counseling employees of the Archdiocesan Central High Schools of the Central High Schools, Inc., or its Successor Body hereinafter referred to as the Corporation."

35.        Boston Archdiocesan Teachers Association is the exclusive bargaining representative for the bargaining unit described in paragraph 32.

36.        The current collective bargaining agreement contains a "Negotiation Procedure" provision at Article II.

37.        Section I of Article II, the Negotiation Provision, states: "Not later than November 1 of the school year at the end of which this Agreement expires, the Corporation agrees to enter into negotiations with the Association over a Successor Agreement in accordance with the procedure set forth herein in a good faith effort

to reach agreement concerning teachers' wages, fringe benefits, hours, and other conditions of their employment."

38.        In the fall of 2003 when requested by BATA to begin negotiations for a successor contract, BATA was informed by Neil Buckley, Chairman of the Board of Trustees for ACHS, Inc., that ACHS, Inc., would not be negotiating a successor agreement as ACHS, Inc., would cease to operate the Central high schools effective September 1, 2004.

39.        In the fall of 2003 when requested by BATA to begin negotiations for a successor contract, BATA was informed by Sr. Kathleen Carr, the superintendent of schools for ACHS, Inc., as well as superintendent of schools for the Roman Catholic Archdiocese of Boston, that ACHS would not be negotiating a successor agreement as ACHS would cease to operate the Central high schools effective September 1, 2004.

40.        Chairman Buckley advised BATA in writing that the eight high schools under the ACHS, Inc., were becoming independent of ACHS, Inc., and would have local governance.

41.        The Board of Trustees of ACHS, Inc., includes: Archbishop Sean P. O'Malley as President; Sr. Clare Bertero as Secretary for Education and; Sr. Kathleen Carr as Superintendent of Schools.

42.        Sr. Kathleen Carr is the superintendent for schools for the Roman Catholic Archdiocese of Boston.

7

43.        Sr. Clare Bertero is the Secretary of Education for the Roman Catholic
Archdiocese of Boston.

44.        Archbishop Sean O'Malley is the Archbishop for the Roman Catholic
Archdiocese of Boston.

45.        Wilson D. Rogers, Jr., Esq. is counsel for the Roman Catholic
Archdiocese of Boston.

46.        David W. Smith is, among other titles, Chancellor for the Roman
Catholic Archdiocese of Boston.

47.        The Most Reverend Richard G. Lennon is an auxiliary bishop of the
Roman Catholic Archdiocese of Boston.

48.        North Cambridge Catholic High School, Inc., Cathedral High School,
Inc., Matignon High School, Inc., Pope John XXIII High School, Inc., Bishop
Fenwick High School, Inc., Cardinal Spellman High School Inc., Marian High
School, Inc., and Archbishop Williams High School, Inc., were all incorporated on
or about February 7, 2004.

49.        North Cambridge Catholic High School, Inc., Cathedral High School,
Inc., Matignon High School, Inc., Pope John XXIII High School, Inc., Bishop
Fenwick High School, Inc., Cardinal Spellman High School Inc., Marian High
School, Inc., and Archbishop Williams High School, Inc., were all incorporated by
Most Reverend Sean P. O'Malley, Most Reverend Richard G. Lennon, Sr. Clare
Bertero, Sr. Kathleen Carr, and David W. Smith.

8

50.        The "contact information" contained on all eight of the Articles of

Organization was, Wilson D. Rogers, Jr. Esq., The Rogers Law Firm, One Union

Street, Boston, MA 02108, 617-723-1100.

51.        In the Articles of Organization filed with the Secretary of State for

North Cambridge Catholic High School, Inc., Most Reverend Sean Patrick

O'Malley is Chairman, David W. Smith is Treasurer, and Sr. Clare Bertero is

Secretary/Clerk.

52.        In the Articles of Organization filed with the Secretary of State for

Cathedral High School, Inc., Most Reverend Sean Patrick O'Malley is Chairman,

David W. Smith is Treasurer, and Sr. Clare Bertero is Secretary/Clerk.

53.        In the Articles of Organization filed with the Secretary of State for

Matignon High School, Inc., Most Reverend Sean Patrick O'Malley is Chairman,

David W. Smith is Treasurer, and Sr. Clare Bertero is Secretary/Clerk.

54.        In the Articles of Organization filed with the Secretary of State for Pope

John XXIII High School, Inc., Most Reverend Sean Patrick O'Malley is Chairman,

David W. Smith is Treasurer, and Sr. Clare Bertero is Secretary/Clerk.

55.        In the Articles of Organization filed with the Secretary of State for

Bishop Fenwick High School, Inc., Most Reverend Sean Patrick O'Malley is

Chairman, David W. Smith is Treasurer, and Sr. Clare Bertero is Secretary/Clerk.

56.        In the Articles of Organization filed with the Secretary of State for

Cardinal Spellman High School Inc., Most Reverend Sean Patrick O'Malley is

Chairman, David W. Smith is Treasurer, and Sr. Clare Bertero is Secretary/Clerk.

57.      In the Articles of Organization filed with the Secretary of State for
Marian High School, Inc., Most Reverend Sean Patrick O'Malley is Chairman,
David W. Smith is Treasurer, and Sr. Clare Bertero is Secretary/Clerk.

58.      In the Articles of Organization filed with the Secretary of State for
Archbishop Williams High School, Inc., Most Reverend Sean Patrick O'Malley is
Chairman, David W. Smith is Treasurer, and Sr. Clare Bertero is Secretary/Clerk.

59.      All eight Articles of Organization, Article IV(d), state that: ". . . the
Corporation shall, in all such matters, rely upon and defer to the teaching authority
of the Roman Catholic Archbishop of Boston."

60.      All eight Articles of Organization, Article IV(e)(i), state that: "any
priest or chaplain at the School must be assigned by the Roman Catholic
Archbishop of Boston;".

61.      All eight Articles of Organization, Article IV(e)(ii), state that: "the
curriculum for the School shall be subject to the approval of the Office of Education
for the Roman Catholic Archdiocese of Boston;".

62.      All eight Articles of Organization, Article IV(e)(iii), state that: "the
School shall conform with all policies promulgated by the Department of Education
of the Roman Catholic Archdiocese of Boston;".

63.      All eight Articles of Organization, Article IV(e)(iv), state that: "all
contracts with employees of the Corporation shall include a provision pursuant to
which the employee may be discharged if, in the discretion of the Roman Catholic
Archbishop of Boston, such discharge is necessary so as to prevent public scandal

to the School, the Corporation, the Roman Catholic Archdiocese of Boston or the Roman Catholic Church."

64.     All eight Articles of Organization, Article IV(f), state that: "Upon the liquidation or dissolution of the Corporation, the real and personal property and all other assets of the Corporation shall be conveyed to the Roman Catholic Archbishop of Boston, a Corporation Sole...."

65.     There is no change in the ownership of the property at North Cambridge Catholic High School, Cathedral High School, Matignon High School, Pope John XXIII High School, Bishop Fenwick High School, Cardinal Spellman High School, Marian High School, and Archbishop Williams High School. The school property has not been conveyed to the newly formed corporations.

66.     The buildings are the same under North Cambridge Catholic High School, Inc., Cathedral High School, Inc., Matignon High School, Inc., Pope John XXIII High School, Inc., Bishop Fenwick High School, Inc., Cardinal Spellman High School Inc., Marian High School, Inc., and Archbishop Williams High School, Inc., as they are under ACHS, Inc.

67.     The same communities will be served at North Cambridge Catholic High School, Inc., Cathedral High School, Inc., Matignon High School, Inc., Pope John XXIII High School, Inc., Bishop Fenwick High School, Inc., Cardinal Spellman High School Inc., Marian High School, Inc., and Archbishop Williams High School, Inc., as they are under ACHS, Inc.

68.     The students will be the same at North Cambridge Catholic High School, Inc., Cathedral High School, Inc., Matignon High School, Inc., Pope John XXIII High School, Inc., Bishop Fenwick High School, Inc., Cardinal Spellman High School Inc., Marian High School, Inc., and Archbishop Williams High School, Inc., as they are as ACHS, Inc., schools.

69.     The product, a quality high school education underpinned with Catholic teachings and principles, of North Cambridge Catholic High School, Inc., Cathedral High School, Inc., Matignon High School, Inc., Pope John XXIII High School, Inc., Bishop Fenwick High School, Inc., Cardinal Spellman High School Inc., Marian High School, Inc., and Archbishop Williams High School, Inc., will be the same as under ACHS, Inc.

70.     All eight newly incorporated schools have retained their current principals.

71.     The eight principals are either serving as principals, or have new titles such as chief administration officers.

72.     All eight principals, or chief administration officers, had to be approved by the department of education for the Archdiocese of Boston.

73.     The employees of the eight schools will be substantially the same.

74.     The employees of the eight schools will participate in the same pension fund they participated in under ACHS, Inc.

75.     The employees of the eight schools will participate in the same health and welfare fund they participated in under ACHS, Inc.

76.    The newly incorporated schools will employ the same process for selection, retention, and graduation requirements for students, as those employed under ACHS, Inc.

77.    On or about February 7, 2004 all eight corporations were recognized by the Secretary of State's office.

78.    The ACHS, Inc., the Archdiocese, or the new corporations sent no notice of the February 7, 2004 filing to BATA's officers, or legal counsel.

79.    Archbishop Sean O'Malley is the Chairman for each of the newly formed corporations.

80.    At all eight of the schools covered by the collective bargaining agreement the members of the boards of trustees of the new corporations, and the principals on behalf of the trustees, have communicated directly with lay faculty regarding wages.

81.    At all eight of the schools covered by the collective bargaining agreement there has been direct contact with the employees in the bargaining unit by the eight new corporations concerning working conditions.

82.    At all eight of the schools covered by the collective bargaining agreement there has been direct contact with the employees in the bargaining unit by the eight new corporations concerning hours of work.

83.    At all eight of the schools covered by the collective bargaining agreement there has been direct contact with the employees in the bargaining unit by the eight new corporations concerning job benefits.

84.    At all eight of the schools covered by the collective bargaining agreement there has been direct contact with the employees in the bargaining unit by the eight new corporations concerning employment status and severance.

85.    On February 20, 2004, counsel for BATA wrote to the principals at the eight schools and asked that they stop dealing directly with the lay teachers concerning a possible spin-off from ACHS, Inc.

86.    By letter on February 24, 2004, for the first time, counsel for ACHS, Inc., informed counsel for BATA that eight new corporations had been formed.

87.    By letter on February 24, 2004, for the first time, counsel for ACHS, Inc., informed counsel for BATA that he was also labor counsel for the eight new corporations that had been formed.

88.    In its letter of February 24, 2004, counsel for ACHS, Inc., and the eight new corporations did not address the substantive labor law violations committed by the ACHS and the new corporations when they dealt with represented employees directly.

89.    As of the date of this filing the direct dealing has not stopped.

90.    On or about March 9, 2004 the executive board of BATA met with Archbishop Sean O'Malley.

91.    At the March 9, 2004 meeting, BATA requested that the Archbishop recognize BATA as the bargaining agent for all lay teachers in the eight new corporations.

92.    By letter dated March 20, 2004 Archbishop O'Malley denied BATA's request for recognition writing: "Having considered your request as well as the other factors that have led to the decision to decentralize the management of these eight high schools, it is my firm belief that the decision as to whether or not to recognize BATA