UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF MASSACHUSETTS

BOSTON ARCHDIOCESAN TEACHERS' )
ASSOCIATION )
)
)
V. ) DOCKET NO. 04-11197MLW
)
ARCHDIOCESAN CENTRAL HIGH SCHOOLS, )
INC., ARCHBISHOP SEAN P. O'MALLEY, AS )
A CORPORATION SOLE, THE ROMAN )
CATHOLIC ARCHDIOCESE OF BOSTON, )
NORTH CAMBRIDGE CATHOLIC HIGH )
SCHOOL, INC., CATHEDRAL HIGH SCHOOL, )
INC., MATIGNON HIGH SCHOOL, INC., )
POPE JOHN XXIII HIGH SCHOOL, INC., )
BISHOP FENWICK HIGH SCHOOL, INC., )
CARDINAL SPELLMAN HIGH SCHOOL, INC., )
MARIAN HIGH SCHOOL, INC. AND )
ARCHBISHOP WILLIAMS HIGH SCHOOL, INC.)
)

## ANSWER OF THE DEFENDANT, THE ROMAN CATHOLIC ARCHBISHOP OF BOSTON, A CORPORATION SOLE, TO PLAINTIFF'S COMPLAINT

1.  The Defendant has no personal knowledge with respect to the allegations set forth in Paragraph 1 of Plaintiff's Complaint and, therefore, can neither admit nor deny the same, but calls upon the Plaintiff to prove the same at the time of trial to the extent said allegations prove to be material and/or relevant.

2.  The Defendant has no personal knowledge with respect to the allegations set forth in Paragraph 2 of Plaintiff's Complaint and, therefore, can neither admit nor deny the same, but calls upon the Plaintiff to prove the same at the time of trial to the extent said allegations prove to be material and/or relevant.

3.  The Defendant has no personal knowledge with respect to the allegations set forth in Paragraph 3 of Plaintiff's Complaint and, therefore, can neither admit nor deny the same, but calls upon the Plaintiff to prove the same at the time of trial to the extent said allegations prove to be material and/or relevant.

4. The Defendant has no personal knowledge with respect to the allegations set forth in Paragraph 4 of Plaintiff's Complaint and, therefore, can neither admit nor deny the same, but calls upon the Plaintiff to prove the same at the time of trial to the extent said allegations prove to be material and/or relevant.

5. The Defendant has no personal knowledge with respect to the allegations set forth in Paragraph 5 of Plaintiff's Complaint and, therefore, can neither admit nor deny the same, but calls upon the Plaintiff to prove the same at the time of trial to the extent said allegations prove to be material and/or relevant.

6. The Defendant has no personal knowledge with respect to the allegations set forth in Paragraph 6 of Plaintiff's Complaint and, therefore, can neither admit nor deny the same, but calls upon the Plaintiff to prove the same at the time of trial to the extent said allegations prove to be material and/or relevant.

7. The Defendant has no personal knowledge with respect to the allegations set forth in Paragraph 7 of Plaintiff's Complaint and, therefore, can neither admit nor deny the same, but calls upon the Plaintiff to prove the same at the time of trial to the extent said allegations prove to be material and/or relevant.

8. The Defendant admits that Archbishop Sean P. O'Malley, in his individual capacity, is President of ACHS and Chairperson of the Board of Trustees of ACHS. The remaining allegations set forth in Paragraph 8 of Plaintiff's Complaint do not apply to this Defendant.

9. In accordance with Chapter 506 of the Massachusetts Acts of 1897, Archbishop Sean P. O'Malley is the Roman Catholic Archbishop of Boston, a Corporation Sole, having a principal place of business in Boston, Massachusetts at 2121 Commonwealth Avenue.

10. The Roman Catholic Archbishop of Boston, a Corporation Sole admits it is a non-profit organization, organized and existing under the law of the Commonwealth of Massachusetts with a principal place of business in Boston, Massachusetts at 2121 Commonwealth Avenue.

11. The allegations set forth in Paragraph 11 of Plaintiff's Complaint do not apply to this Defendant.

12. The allegations set forth in Paragraph 12 of Plaintiff's Complaint do not apply to this Defendant.

13. The allegations set forth in Paragraph 13 of Plaintiff's Complaint do not apply to this Defendant.

14. The allegations set forth in Paragraph 14 of Plaintiff's Complaint do not apply to this Defendant.

15. The allegations set forth in Paragraph 15 of Plaintiff's Complaint do not apply to this Defendant.

16. The allegations set forth in Paragraph 16 of Plaintiff's Complaint do not apply to this Defendant.

17. The allegations set forth in Paragraph 17 of Plaintiff's Complaint do not apply to this Defendant.

18. The allegations set forth in Paragraph 18 of Plaintiff's Complaint do not apply to this Defendant.

19. The allegations set forth in Paragraph 19 of Plaintiff's Complaint do not apply to this Defendant.

20. The allegations set forth in Paragraph 20 of Plaintiff's Complaint do not apply to this Defendant.

21. The allegations set forth in Paragraph 21 of Plaintiff's Complaint call for a conclusion of law to which the Defendant need not respond.

22. The allegations set forth in Paragraph 22 of Plaintiff's Complaint call for a conclusion of law to which the Defendant need not respond.

23. The allegations set forth in Paragraph 23 of Plaintiff's Complaint do not apply to this Defendant.

24. The allegations set forth in Paragraph 24 of Plaintiff's Complaint do not apply to this Defendant.

25. The allegations set forth in Paragraph 25 of Plaintiff's Complaint do not apply to this Defendant.

26. The allegations set forth in Paragraph 26 of Plaintiff's Complaint do not apply to this Defendant.

27. The allegations set forth in Paragraph 27 of Plaintiff's Complaint do not apply to this Defendant.

28. The allegations set forth in Paragraph 28 of Plaintiff's Complaint do not apply to this Defendant.

29. The allegations set forth in Paragraph 29 of Plaintiff's Complaint do not apply to this Defendant.

30. The allegations set forth in Paragraph 30 of Plaintiff's Complaint do not apply to this Defendant.

31. The allegations set forth in Paragraph 31 of Plaintiff's Complaint do not apply to this Defendant.

32. The Defendant has no personal knowledge with respect to the allegations set forth in Paragraph 32 of Plaintiff's Complaint and, therefore, can neither admit nor deny the same, but calls upon the Plaintiff to prove the same at the time of trial to the extent said allegations prove to be material and/or relevant.

33. The Defendant has no personal knowledge with respect to the allegations set forth in Paragraph 33 of Plaintiff's Complaint and, therefore, can neither admit nor deny the same, but calls upon the Plaintiff to prove the same at the time of trial to the extent said allegations prove to be material and/or relevant.

34. The Defendant has no personal knowledge with respect to the allegations set forth in Paragraph 34 of Plaintiff's Complaint and, therefore, can neither admit nor deny the same, but calls upon the Plaintiff to prove the same at the time of trial to the extent said allegations prove to be material and/or relevant.

35. The Defendant has no personal knowledge with respect to the allegations set forth in Paragraph 35 of Plaintiff's Complaint and, therefore, can neither admit nor deny the same, but calls upon the Plaintiff to prove the same at the time of trial to the extent said allegations prove to be material and/or relevant.

36. The Defendant has no personal knowledge with respect to the allegations set forth in Paragraph 36 of Plaintiff's Complaint and, therefore, can neither admit nor deny the same, but calls upon the Plaintiff to prove the same at the time of trial to the extent said allegations prove to be material and/or relevant.

37. The Defendant has no personal knowledge with respect to the allegations set forth in Paragraph 37 of Plaintiff's Complaint and, therefore, can neither admit nor deny the same, but calls upon the Plaintiff to prove the same at the time of trial to the extent said allegations prove to be material and/or relevant.

38. The Defendant has no personal knowledge with respect to the allegations set forth in Paragraph 38 of Plaintiff's Complaint and, therefore, can neither admit nor deny the same, but calls upon the Plaintiff to prove the same at the time of trial to the extent said allegations prove to be material and/or relevant.

39. The Defendant admits that Sister Kathleen Carr is Superintendent of Schools of the Roman Catholic Archbishop of Boston, a Corporation Sole. The Defendant has no personal knowledge with respect to the remaining allegations set forth in Paragraph 39 of Plaintiff's Complaint and, therefore, calls upon the Plaintiff to prove the same at the time of trial to the extent said allegations prove to be material and/or relevant.

40. The Defendant has no personal knowledge with respect to the allegations set forth in Paragraph 40 of Plaintiff's Complaint and, therefore, can neither admit nor deny the same, but calls upon the Plaintiff to prove the same at the time of trial to the extent said allegations prove to be material and/or relevant.

41. The Defendant admits the allegations set forth in Paragraph 41 of Plaintiff's Complaint.

42. The Defendant admits that Sister Kathleen Carr is its Superintendent for Schools.

43. The Defendant admits that Sister Clare Bertero is Secretary of Education for the Roman Catholic Archbishop of Boston, a Corporation Sole.

44. The Defendant admits the allegations set forth in Paragraph 44 of Plaintiff's Complaint.

45. The Defendant admits that Wilson D. Rogers, Jr., Esquire is General Counsel for the Roman Catholic Archbishop of Boston, a Corporation Sole.

46. The Defendant admits the allegations set forth in Paragraph 46 of Plaintiff's Complaint.

47. The Defendant admits the allegations set forth in Paragraph 47 of Plaintiff's Complaint.

48. The Defendant admits the allegations set forth in Paragraph 48 of Plaintiff's Complaint.

49. The Defendant admits the allegations set forth in Paragraph 49 of Plaintiff's Complaint.

50. The Defendant admits the allegations set forth in Paragraph 50 of Plaintiff's Complaint.

51. The Defendant admits the allegations set forth in Paragraph 51 of Plaintiff's Complaint.

52. The Defendant admits the allegations set forth in Paragraph 52 of Plaintiff's Complaint.

53. The Defendant admits the allegations set forth in Paragraph 53 of Plaintiff's Complaint.

54. The Defendant admits the allegations set forth in Paragraph 54 of Plaintiff's Complaint.

55. The Defendant admits the allegations set forth in Paragraph 55 of Plaintiff's Complaint.

56. The Defendant admits the allegations set forth in Paragraph 56 of Plaintiff's Complaint.

57. The Defendant admits the allegations set forth in Paragraph 57 of Plaintiff's Complaint.

58. The Defendant admits the allegations set forth in Paragraph 58 of Plaintiff's Complaint.

6

59. The Defendant admits that in all eight Articles of Organization, referenced in Paragraphs 51 through 58, Article IV(d), states, in part, that, "...[It] shall be operated in accordance with the Canon Law of the Roman Catholic Church and the teaching authority of the Roman Catholic Church as enunciated by the Holy Father and the Bishops in communion with him; and more specifically in this regard, the Corporation shall in all such matters rely upon and defer to the teaching authority of the Roman Catholic Archbishop of Boston."

60. The Defendant admits the allegations set forth in Paragraph 60 of Plaintiff's Complaint.

61. The Defendant admits the allegations set forth in Paragraph 61 of Plaintiff's Complaint.

62. The Defendant admits the allegations set forth in Paragraph 62 of Plaintiff's Complaint.

63. The Defendant admits the allegations set forth in Paragraph 63 of Plaintiff's Complaint.

64. The Defendant admits the allegations set forth in Paragraph 64 of Plaintiff's Complaint.

65. The Defendant admits that ACHS, Inc. owns the identified property and that these properties are in the process of being leased to North Cambridge Catholic High School, Inc., Cathedral High School, Inc., Matignon High School, Inc., Pope John XXIII High School, Inc., Bishop Fenwick High School, Inc., Cardinal Spellman High School, Inc., Marian High School, Inc. and Archbishop Williams High School, Inc.

66. The Defendant admits that ACHS, Inc. owns the identified property and that these properties are in the process of being leased to North Cambridge Catholic High School, Inc., Cathedral High School, Inc., Matignon High School, Inc., Pope John XXIII High School, Inc., Bishop Fenwick High School, Inc., Cardinal Spellman High School, Inc., Marian High School, Inc. and Archbishop Williams High School, Inc.

67. The Defendant has no personal knowledge with respect to the allegations set forth in Paragraph 67 of Plaintiff's Complaint and, therefore, can neither admit nor deny the same, but calls upon the Plaintiff to prove the same at the time of trial to the extent said allegations prove to be material and/or relevant.

68. The Defendant has no personal knowledge with respect to the allegations set forth in Paragraph 68 of Plaintiff's Complaint and, therefore, can neither admit nor deny the same, but calls upon the Plaintiff to prove the same at the time of trial to the extent said allegations prove to be material and/or relevant.

69. The Defendant has no personal knowledge with respect to the allegations set forth in Paragraph 69 of Plaintiff's Complaint and, therefore, can neither admit nor deny the same, but calls upon the Plaintiff to prove the same at the time of trial to the extent said allegations prove to be material and/or relevant.

70. The Defendant has no personal knowledge with respect to the allegations set forth in Paragraph 70 of Plaintiff's Complaint and, therefore, can neither admit nor deny the same, but calls upon the Plaintiff to prove the same at the time of trial to the extent said allegations prove to be material and/or relevant.

71. The Defendant has no personal knowledge with respect to the allegations set forth in Paragraph 71 of Plaintiff's Complaint and, therefore, can neither admit nor deny the same, but calls upon the Plaintiff to prove the same at the time of trial to the extent said allegations prove to be material and/or relevant.

72. The Defendant admits that the Administrative Officers at North Cambridge Catholic High School, Inc., Cathedral High School, Inc., Matignon High School, Inc., Pope John XXIII High School, Inc., Bishop Fenwick High School, Inc., Cardinal Spellman High School, Inc., Marian High School, Inc. and Archbishop Williams High School, Inc. had to be approved by the Department of Education for the Roman Catholic Archbishop of Boston, a Corporation Sole.

73. The Defendant has no personal knowledge with respect to the allegations set forth in Paragraph 73 of Plaintiff's Complaint and, therefore, can neither admit nor deny the same, but calls upon the Plaintiff to prove the same at the time of trial to the extent said allegations prove to be material and/or relevant.

74. The Defendant has no personal knowledge with respect to the allegations set forth in Paragraph 74 of Plaintiff's Complaint and, therefore, can neither admit nor deny the same, but calls upon the Plaintiff to prove the same at the time of trial to the extent said allegations prove to be material and/or relevant.

75. The Defendant has no personal knowledge with respect to the allegations set forth in Paragraph 75 of Plaintiff's Complaint and, therefore, can neither admit nor deny the same, but calls upon the Plaintiff to prove the same at the time of trial to the extent said allegations prove to be material and/or relevant.

76. The Defendant has no personal knowledge with respect to the allegations set forth in Paragraph 76 of Plaintiff's Complaint and, therefore, can neither admit nor deny the same, but calls upon the Plaintiff to prove the same at the time of trial to the extent said allegations prove to be material and/or relevant.

77. The Defendant admits the allegations set forth in Paragraph 77 of Plaintiff's Complaint.

78. The Defendant, the Roman Catholic Archbishop of Boston, a Corporation Sole, admits that it sent no notice of the filings of the newly formed corporations to BATA's officers or legal counsel. The Defendant has no personal knowledge with respect to the remaining allegations set forth in Paragraph 78 of Plaintiff's Complaint.

79. The Defendant admits that Archbishop Sean P. O'Malley, in his individual capacity, is Chairman of North Cambridge Catholic High School, Inc., Cathedral High School, Inc., Matignon High School, Inc., Pope John XXIII High School, Inc., Bishop Fenwick High School, Inc., Cardinal Spellman High School, Inc., Marian High School, Inc. and Archbishop Williams High School, Inc.

80. The Defendant has no personal knowledge with respect to the allegations set forth in Paragraph 80 of Plaintiff's Complaint and, therefore, can neither admit nor deny the same, but calls upon the Plaintiff to prove the same at the time of trial to the extent said allegations prove to be material and/or relevant.

81. The Defendant has no personal knowledge with respect to the allegations set forth in Paragraph 81 of Plaintiff's Complaint and, therefore, can neither admit nor deny the same, but calls upon the Plaintiff to prove the same at the time of trial to the extent said allegations prove to be material and/or relevant.

82. The Defendant has no personal knowledge with respect to the allegations set forth in Paragraph 82 of Plaintiff's Complaint and, therefore, can neither admit nor deny the same, but calls upon the Plaintiff to prove the same at the time of trial to the extent said allegations prove to be material and/or relevant.

83. The Defendant has no personal knowledge with respect to the allegations set forth in Paragraph 83 of Plaintiff's Complaint and, therefore, can neither admit nor deny the same, but calls upon the Plaintiff to prove the same at the time of trial to the extent said allegations prove to be material and/or relevant.

84. The Defendant has no personal knowledge with respect to the allegations set forth in Paragraph 84 of Plaintiff's Complaint and, therefore, can neither admit nor deny the same, but calls upon the Plaintiff to prove the same at the time of trial to the extent said allegations prove to be material and/or relevant.

85. The Defendant has no personal knowledge with respect to the allegations set forth in Paragraph 85 of Plaintiff's Complaint and, therefore, can neither admit nor deny the same, but calls upon the Plaintiff to prove the same at the time of trial to the extent said allegations prove to be material and/or relevant.

86. The Defendant has no personal knowledge with respect to the allegations set forth in Paragraph 86 of Plaintiff's Complaint and, therefore, can neither admit nor deny the same, but calls upon the Plaintiff to prove the same at the time of trial to the extent said allegations prove to be material and/or relevant.

87. The Defendant has no personal knowledge with respect to the allegations set forth in Paragraph 87 of Plaintiff's Complaint and, therefore, can neither admit nor deny the same, but calls upon the Plaintiff to prove the same at the time of trial to the extent said allegations prove to be material and/or relevant.

88. The Defendant has no personal knowledge with respect to the allegations set forth in Paragraph 88 of Plaintiff's Complaint and, therefore, can neither admit nor deny the same, but calls upon the Plaintiff to prove the same at the time of trial to the extent said allegations prove to be material and/or relevant.

89. The Defendant has no personal knowledge with respect to the allegations set forth in Paragraph 89 of Plaintiff's Complaint and, therefore, can neither admit nor deny the same, but calls upon the Plaintiff to prove the same at the time of trial to the extent said allegations prove to be material and/or relevant.

90. The Defendant admits the allegations set forth in Paragraph 90 of Plaintiff's Complaint.

91. The Defendant admits the allegations set forth in Paragraph 91 of Plaintiff's Complaint.

92. The Defendant denies the allegations set forth in Paragraph 92 of Plaintiff's Complaint.

93. The Defendant denies the allegations set forth in Paragraph 93 of Plaintiff's Complaint.

94. The Defendant has no personal knowledge with respect to the allegations set forth in Paragraph 94 of Plaintiff's Complaint and, therefore, can neither admit nor deny the same, but calls upon the Plaintiff to prove the same at the time of trial to the extent said allegations prove to be material and/or relevant.

95. The Defendant has no personal knowledge with respect to the allegations set forth in Paragraph 95 of Plaintiff's Complaint and, therefore, can neither admit nor deny the same, but calls upon the Plaintiff to prove the same at the time of trial to the extent said allegations prove to be material and/or relevant.

96. The Defendant has no personal knowledge with respect to the allegations set forth in Paragraph 96 of Plaintiff's Complaint and, therefore, can neither admit nor deny the same, but calls upon the Plaintiff to prove the same at the time of trial to the extent said allegations prove to be material and/or relevant.

97. The Defendant has no personal knowledge with respect to the allegations set forth in Paragraph 97 of Plaintiff's Complaint and, therefore, can neither admit nor deny the same, but calls upon the Plaintiff to prove the same at the time of trial to the extent said allegations prove to be material and/or relevant.

98. The Defendant has no personal knowledge with respect to the allegations set forth in Paragraph 98 of Plaintiff's Complaint and, therefore, can neither admit nor deny the same, but calls upon the Plaintiff to prove the same at the time of trial to the extent said allegations prove to be material and/or relevant.

99. The Defendant has no personal knowledge with respect to the allegations set forth in Paragraph 99 of Plaintiff's Complaint and, therefore, can neither admit nor deny the same, but calls upon the Plaintiff to prove the same at the time of trial to the extent said allegations prove to be material and/or relevant.

100. The Defendant has no personal knowledge with respect to the allegations set forth in Paragraph 100 of Plaintiff's Complaint and, therefore, can neither admit nor deny the same, but calls upon the Plaintiff to prove the same at the time of trial to the extent said allegations prove to be material and/or relevant.

101. The Defendant has no personal knowledge with respect to the allegations set forth in Paragraph 101 of Plaintiff's Complaint and, therefore, can neither admit nor deny the same, but calls upon the Plaintiff to prove the same at the time of trial to the extent said allegations prove to be material and/or relevant.

102. The Defendant has no personal knowledge with respect to the allegations set forth in Paragraph 102 of Plaintiff's Complaint and, therefore, can neither admit nor deny the same, but calls upon the Plaintiff to prove the same at the time of trial to the extent said allegations prove to be material and/or relevant.

103. The Defendant has no personal knowledge with respect to the allegations set forth in Paragraph 103 of Plaintiff's Complaint and, therefore, can neither admit nor deny the same, but calls upon the Plaintiff to prove the same at the time of trial to the extent said allegations prove to be material and/or relevant.

104. The Defendant has no personal knowledge with respect to the allegations set forth in Paragraph 104 of Plaintiff's Complaint and, therefore, can neither admit nor deny the same, but calls upon the Plaintiff to prove the same at the time of trial to the extent said allegations prove to be material and/or relevant.

105. The Defendant denies the allegations set forth in Paragraph 105 of Plaintiff's Complaint.

## COUNT I

106. The Defendant incorporates by reference its responses to the allegations set forth in Paragraphs 1 through 104 of Plaintiff's Complaint as if set forth herein.

107. The Defendant denies the allegations set forth in Paragraph 107 of Count I of Plaintiff's Complaint.

108. The Defendant denies the allegations set forth in Paragraph 108 of Count I of Plaintiff's Complaint.

## COUNT II

109. The Defendant incorporates by reference its responses to the allegations set forth in Paragraphs 1 through 108 of Plaintiff's Complaint as if set forth herein.

110. The Defendant denies the allegations set forth in Paragraph 110 of Count II of Plaintiff's Complaint.

## COUNT III

111. The Defendant incorporates by reference its responses to the allegations set forth in Paragraphs 1 through 110 of Plaintiff's Complaint as if set forth herein.

112. The Defendant denies the allegations set forth in Paragraph 112 of Count III of Plaintiff's Complaint.

## COUNT IV

The allegations set forth in Count IV of Plaintiff's Complaint do not apply to this Defendant.

And further answering, the Defendant says that the Plaintiff's Complaint fails to state a cause of action upon which relief can be granted.

And further answering, the Defendant says that if the Plaintiff suffered injuries or damages as alleged, such injuries or damage were caused by someone for whose conduct the Defendant was not and is not legally responsible.

And further answering, the Defendant says that this action has not been brought within the time specified by the General Laws of the Commonwealth.

And further answering, the Defendant denies that any of its agents, servants or employees were in any way responsible for the act or acts complained of in Plaintiff's Complaint.

And further answering, the Defendant states that the First Amendment of the United States Constitution and the Massachusetts Constitution preclude the imposition of any liability against this Defendant based upon the allegations set forth in Plaintiff's Complaint.

And further answering, the Defendant reserves the right to assert further affirmative defenses upon the completion of discovery.

ROMAN CATHOLIC ARCHBISHOP
OF BOSTON, A CORPORATION SOLE

By Its Attorneys,

Wilson D. Rogers, Jr.
BBO #425120
Wilson D. Rogers, III
BBO #559943
The Rogers Law Firm, P.C.
One Union Street
Boston, MA 02108
617-723-1100

p:\rcablitigation\BATAvRCAB\answer04.0701

CERTIFICATE OF SERVICE

I, Wilson D. Rogers, III, Attorney for said Defendant, hereby certify that I have this day served copies of the foregoing documents on the Plaintiff by mailing a letter, postage prepaid, directed to:

>   Kathryn Noonan, Esquire
>   Terrence P. Noonan, Esquire
>   Law Office of Kathryn Noonan
>   1150 Walnut Street
>   Newton, MA  02461
>
>   Sean P. Sweeney, Esquire
>   Murphy, Lamere & Murphy, P. C.
>   Ten Forbes Road
>   P. O. Box 859003
>   Braintree, MA  02185

Signed under the pains and penalties of perjury this 6th day of July, 2004.

_____
Wilson D. Rogers, III